ELLENOFF GROSSMAN & SCHOLE LLP
Paul P. Rooney
Amanda M. Fugazy
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
(212) 370-1300 (tel.)
(212) 370-7889 (fax)
prooney@egsllp.com

*Attorneys for Plaintiff*

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER FAISON,

                    Plaintiff,

     -against-

MOUTAFIS MOTORS LTD., MOUTAFIS
ENTERPRISES, LLC, and PETER MOUTAFIS,

                    Defendants.
------------------------------------------------------------X

Civil Action No.   15-CV-7154

**COMPLAINT**

Jury Trial Demanded

       Plaintiff CHRISTOPHER FAISON, by and through his attorneys, Ellenoff Grossman &

Schole LLP, as and for his Complaint against Defendants MOUTAFIS MOTORS LTD.,

MOUTAFIS ENTERPRISES, LLC, and PETER MOUTAFIS ("Defendants") alleges as follows:

## NATURE OF THE CASE

   1.   This action is an action for unpaid overtime premium wages under The Fair Labor

Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and The New York Labor Law (NYLL), unpaid

commissions under NYLL, retaliation under § 215 of the FLSA and § 215 of the NYLL, and

breach of contract.

**PARTIES**

2.    Plaintiff Christopher Faison ("Faison" or "Plaintiff") is an individual who resides in Suffolk County, New York.

3.    Defendant Moutafis Motors Ltd. ("Moutafis Motors") is a business corporation organized under the laws of the State of New York, doing business as "Prestigious Motors."

4.    Defendant Moutafis Enterprises, LLC ("Moutafis Enterprises") is a limited liability company organized under the laws of the State of New York, doing business as "Carzmedics."

5.    Moutafis Motors has its principal place of business at 840 Old Country Road, Riverhead, New York 11901.

6.    Moutafis Enterprises has its principal place of business at 840 Old Country Road, Riverhead, New York 11901.

7.    Defendant Peter Moutafis is an individual and resides in Suffolk County, New York.

8.    Peter Moutafis is the Chief Executive Officer of Moutafis Motors Ltd.

9.    Peter Moutafis is the principal business manager of Moutafis Enterprises and, upon information and belief, is the sole member, manager, and shareholder of Moutafis Enterprises.

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Faison brings his claims under a federal statute, the FLSA.

11.    This Court has supplemental jurisdiction over Faison's claims under the NYLL and state common law pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts.

12.    This Court has personal jurisdiction over the Defendants because Defendants unlawfully failed to pay overtime to Faison for work he performed in this judicial district, the principal place

of business of Moutafis Motors and Moutafis Enterprises is located in this judicial district, and Defendant Peter Moutafis resides in this judicial district.

13.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1), because the Defendants reside in this judicial district, and under 28 U.S.C. § 1391(b)(2), because the events giving rise to Faison's claims occurred in this judicial district.

## **FACTS**

14.     Defendants employed Faison as a mechanic from August 2013 until on or about August 24, 2015.

15.     Defendants orally agreed to pay Faison $1,200 per week for a five-day week.

16.     During his employment with Defendants, Faison's primary duty was the repair of automobiles.

17.     Later in Faison's employment, Defendants insisted that Faison work six days per week. From that point forward, for most weeks, Defendant Moutafis Motors paid Faison $1,200.00 (one thousand two hundred dollars) for a six-day week in which he worked at least 60 (sixty) hours.  If Faison worked less than six days, however, Defendants reduced his wages in proportion to the number of days less than six that he worked in a workweek.

18.     Defendants also agreed, in or around July 2014, to pay Faison commissions each month in the amount of ten percent (10%) of Moutafis Enterprises' revenue.

19.     When Defendant Moutafis Enterprises paid commissions to Faison, Moutafis Enterprises issued commission checks to Faison with the name "Moutafis Enterprises" on them, and the supporting documentation supplied to Faison that calculated those commissions he actually received consisted of a ledger that said "Moutafis Enterprises" at the top.

20.     In those months in which Defendants actually paid the commissions, they averaged several thousand dollars per month.

21.     In several months during Faison's employment, Defendants did not pay Faison commissions that, upon information and belief, he earned during those months, and Defendants did not provide Faison with documentation of how his commission was calculated.

22.     Upon information and belief, Defendants miscalculated and under-paid commissions owed to Faison on other occasions by, among other things, failing to account properly for the costs of repairs Moutafis Enterprises performed on cars sold by Moutafis Motors.  Defendants also failed or refused to provide documentation detailing how some commission amounts were calculated.

23.     Defendants never paid Faison overtime premium pay at 1½ times his regular rate for hours over 40 in a workweek.

24.     Faison protested Defendants' failure to pay him overtime pay.  In response, Defendants told him, falsely, that because he was (purportedly) paid a salary, he was ineligible for overtime pay.

25.     Defendants never provided Faison with an Acknowledgment of Pay Day and Pay Rate pursuant to Section 195.1 of the NYLL.

26.     On August 24, 2015, Defendants terminated Faison's employment.

27.     At that time, Defendants owed Faison commissions for June, July and August 2015.

28.     When Faison demanded that the commissions be paid, and told Defendants that they were violating the law by failing to pay his wages, Defendants declined to pay them.

29.     When Defendants issued Faison his final paychecks, they subtracted, without his consent, $6,045.00 from his June and July commissions.  Defendants falsely contended Faison owed Defendant Moutafis Motors that money for the purchase of a motorcycle.

30.     Defendants refused to pay Faison commissions for August 2015, although, upon information and belief, Faison is owed commissions for that month.

31.     When Faison protested the unlawful deductions from his pay, Defendants declined to give him the funds.

32.     Faison's two final paychecks bounced due to insufficient funds in Moutafis Motors' bank account.  Consequently, Defendants did not pay Faison his final pay until weeks after his employment terminated and well after the date on which the pay was due.

33.     After his employment ended, Faison applied for employment with Ford Motor Company at a nearby dealership.

34.     Peter Moutafis falsely told Mr. Peter Viscounti, the manager of Ford, that Faison had stolen customers from Defendants and performed work for them at his home.

35.     Peter Moutafis further stated that he did not want Ford to hire Faison and that if Ford hired Faison it would "cause problems" in the business relationship between Viscounti and Defendants.

36.     Peter Moutafis made the above-referenced statements to Mr. Viscounti in retaliation for Faison's opposition to, and protests against, Defendants' unlawful deductions from Faison's pay and Defendants' failure to pay commissions owed to him.

37.     The aforementioned statements by Peter Moutafis to Mr. Viscounti took place during business hours and, upon information and belief, at the time of the statements, Peter Moutafis

was acting in the course and scope of his employment as Chief Executive Officer of Moutafis Motors and as an agent of Moutafis Enterprises.

38.     As a direct result of Defendants' retaliatory actions, Ford declined to hire Faison as a mechanic.

39.     Peter Moutafis was, at all relevant times, the business manager responsible for all business operations of Moutafis Motors and Moutafis Enterprises.

40.     Peter Moutafis was responsible for determining what Faison would be paid by both Moutafis Motors and Moutafis Enterprises.

41.     Peter Moutafis made the decisions not to pay overtime to Faison, not to pay commissions owed to Faison, to unlawfully deduct money from Faison's final paycheck, and to retaliate against Faison.

42.     As such, Peter Moutafis is considered an "employer" for purposes of the FLSA and NYLL.

43.     Moutafis Enterprises and Moutafis Motors are commonly owned by Peter Moutafis and commonly managed by him and his agents.

44.     Peter Moutafis and his agents, during all relevant times, have controlled the labor relations function for both Moutafis Motors and Moutafis Enterprises, and the business' interrelationship is such that Moutafis Motors and Moutafis Enterprises constitute a single integrated enterprise.

45.     Accordingly, Moutafis Enterprises, Moutafis Motors, and Peter Moutafis, are jointly and severally liable for the violations of the NYLL and FLSA set forth herein.

46.     Moutafis Enterprises and Moutafis Motors jointly and simultaneously employed Faison. Accordingly, they, along with Peter Moutafis, are jointly and severally liable for the violations of the NYLL and FLSA set forth herein.

## COUNT I:
## OVERTIME CLAIM UNDER THE FAIR LABOR STANDARDS ACT AGAINST

47.     Plaintiff incorporates by reference all preceding allegations in his Complaint.

48.     Defendants' failure to pay Faison premium overtime pay for hours over forty in each workweek violated the FLSA.

49.     Defendants' FLSA violations were willful.

50.     Defendants' FLSA violations were not in good faith.

51.     Accordingly, Defendants are jointly and severally liable to Faison for unpaid overtime premium pay, liquidated damages in the amount of 100% of the unpaid wages, costs, reasonable attorneys' fees and disbursements, post-judgment interest, and such other and further relief as the Court deems appropriate.

## COUNT II:
## OVERTIME CLAIM UNDER THE NEW YORK LABOR LAW

52.     Plaintiff incorporates by reference all preceding allegations in his complaint.

53.     Defendants' failure to pay Faison premium overtime pay for hours over forty in each workweek violated Article 19 of the NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor regulations.

54.     Defendant's NYLL violations were willful.

55.     Defendant's NYLL violations were not in good faith.

56.     Accordingly, Defendants are jointly and severally liable to Faison for unpaid overtime premium pay, liquidated damages in the amount of 100% of the unpaid wages under NYLL §§

198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), and such other and further relief as the Court deems appropriate.

**COUNT III:**
**UNLAWFUL DEDUCTIONS FROM WAGES UNDER NYLL § 193**

57.    Plaintiff incorporates by reference all preceding allegations in his Complaint.

58.    Defendants unlawfully deducted monies from Faison's final paycheck for a purported separate debt in violation of 193 of the New York Labor Law.

59.    Defendants' NYLL violations were willful.

60.    Defendants' NYLL violations were not in good faith.

61.    Accordingly, Defendants are jointly and severally liable to Faison for the amounts unlawfully deducted from Faison's pay, liquidated damages in the amount of 100% of the unpaid wages under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), and such other and further relief as the Court deems appropriate.

**COUNT IV:**
**UNLAWFUL FAILURE TO PAY COMMISSIONS UNDER NYLL**

62.    Plaintiff incorporates by reference all preceding allegations in his Complaint.

63.    Defendants unlawfully failed to pay commissions that Defendants owed to Faison.

64.    For purposes of the NYLL, commissions are a form of wages.

65.    Defendants' failure to pay Faison his commissions violated the NYLL.

66.    Defendants' NYLL violations were willful.

67.    Defendants' NYLL violations were not in good faith.

68.    Accordingly, Defendants are jointly and severally liable to Faison for unpaid commissions, liquidated damages in the amount of 100% of the unpaid wages under NYLL §§

198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), and such other and further relief as the Court deems appropriate.

## COUNT V:
## FAILURE TO PAY WAGES TIMELY UNDER NYLL

69.     Plaintiff incorporates by reference all preceding allegations in his Complaint.

70.     Defendants unlawfully failed to pay timely, the wages owed to Faison in his final two paychecks from Plaintiff when the paychecks bounced.

71.     Defendants' failure to pay wages timely violated the NYLL.

72.     Defendants' NYLL violations were willful.

73.     Defendants' NYLL violations were not in good faith.

74.     Accordingly, Defendants are jointly and severally liable to Faison for liquidated damages in the amount of 100% of the untimely paid wages under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), and such other and further relief as the Court deems appropriate.

## COUNT VI:
## RETALIATION IN VIOLATION OF § 215 OF THE FLSA

75.     Plaintiff incorporates by reference all preceding allegations in his Complaint.

76.     Defendants retaliated against Faison because of his insistence that Defendants pay him wages that he was owed and because of his protests against their failure to pay him overtime pay.

77.     Defendants' retaliation resulted in damages to Faison, including the loss of a job offer he had received from Ford.

78.     Defendants' retaliation violated §215 of the FLSA.

79.     Consequently, Defendants are jointly and severally liable to Faison for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT VII:
## RETALIATION IN VIOLATION OF § 215 OF THE NYLL

80.    Plaintiff incorporates by reference all preceding allegations in his complaint.

81.    Defendants retaliated against Faison because of his insistence that Defendants pay him commissions that he was owed, their unlawful deductions from his wages, and because of his protests against their failure to pay him overtime pay.

82.    Defendants' retaliation resulted in damages to Faison, including the loss of a job offer he had received from Ford.

83.    Defendants' retaliation violated §215 of the NYLL.

84.    Consequently, Defendants are jointly and severally liable to Faison for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, and costs.

## COUNT VIII:
## BREACH OF CONTRACT

85.    Plaintiff incorporates by reference all preceding allegations in his complaint.

86.    Defendants Moutafis Motors and Moutafis Enterprises breached their contract with Faison when they failed to pay Faison commissions that he had earned.

87.    Defendants Moutafis Motors and Moutafis Enterprises are jointly and severally liable to Faison for unpaid commissions, prejudgment interest and post-judgment interest.

## COUNT IX:
## FAILURE TO PROVIDE ACKNOWLEDGMENT OF
## PAY DAY AND PAY RATE UNDER NYLL § 195(1)

88.    Plaintiff incorporates by reference all preceding allegations in his complaint.

89.    Defendants Moutafis Motors and Moutafis Enterprises failed to provide Faison with a written notice of his rate of pay, regular pay date, and such other information are required by NYLL § 195(1).

90.    Defendants Moutafis Motors and Moutafis Enterprises are liable to Faison in the amount of $2,500 (two thousand five hundred dollars) each, together reasonable attorneys' fees, disbursements, and costs.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff Christopher Faison respectfully requests that this Court enter judgment in his favor:

a.   On Count I of Plaintiff's complaint under the FLSA, against all Defendants jointly and severally, awarding Faison damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of Plaintiff's unpaid overtime premium pay, reasonable attorneys' fees and disbursements, costs, and post-judgment interest;

b.   On Count II of Plaintiff's complaint under the NYLL, against all Defendants jointly and severally, awarding Faison damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of Plaintiff's unpaid overtime premium pay, under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), prejudment and post-judgment interest, and such other and further relief as the Court deems appropriate;

c.   On Count III of Plaintiffs' complaint under the NYLL, against all Defendants jointly and severally, awarding Plaintiff damages for monies unlawfully deducted from his pay, liquidated damages in the amount of 100% of the unpaid wages under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), prejudgment and post-judgment interest, and such other and further relief as the Court deems appropriate;

d.  On Count IV of Plaintiffs' complaint under the NYLL, against all Defendants jointly and severally, for the amount of commissions Defendants failed to pay Plaintiff plus liquidated damages in the amount of 100% of the unpaid wages under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), prejudgment and post-judgment interest, and such other and further relief as the Court deems appropriate;

e.  On Count V of Plaintiff's complaint under NYLL § 193, against all Defendants jointly and severally, for liquidated damages in an amount equal to 100% of his untimely paid wages under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), prejudgment and post-judgment interest, and such other and further relief as the Court deems appropriate;

f.  On Count VI of Plaintiff's complaint under § 215 of the FLSA, against all Defendants jointly and severally, for back pay, front pay, liquidated damages, compensatory damages, punitive damages, reasonable attorneys' fees, prejudgment and post-judgment interest, and costs;

g.  On Count VII of Plaintiff's complaint under § 215 of the NYLL, against all Defendants jointly and severally, for back pay, front pay, liquidated damages, compensatory damages, punitive damages, reasonable attorneys' fees, prejudgment and post-judgment interest, and costs;

h.  On Count VIII of Plaintiff's complaint for breach of contract, against Defendants Moutafis Motors and Moutafis Enterprises, for damages in the amount of unpaid wages, pre-judgment and post-judgment interest, and costs;

i.  On Count IX of Plaintiff's complaint for violation of NYLL § 195(1) for $2,500.00 each against Defendants Moutafis Motors and Moutafis Enterprises, plus reasonable attorneys' fees, costs, pre-judgment and post-judgment interest; and

j.  On all counts of Plaintiff's complaint, for such other and further relief as the Court deems appropriate.

Dated: New York, New York
         December 16, 2015                    Respectfully Submitted,

                                              ELLENOFF GROSSMAN & SCHOLE LLP


                                              By:_____/S/_____
                                                   Paul P. Rooney
                                                   Amanda M. Fugazy
                                              1345 Avenue of the Americas, 11th Floor
                                              New York, New York 10105
                                              Telephone: (212) 370-1300
                                              Facsimile:  (212) 370-7889

                                              *Attorneys for Plaintiff*