**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

*Matthew Cohen, Esq.*
*mcohen@kdvlaw.com*

February 13, 2017

**VIA ECF**
Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re: ***Christopher Faison v. Moutafis Motors Ltd., Moutafis Enterprises, LLC, and Peter Moutafis***
<u>Case No: 15-cv-07154 (ARL)</u>

Dear Magistrate Judge Lindsay:

We represent the Defendants in the above-referenced action and write this letter with the consent of Plaintiff.

Plaintiff, Christopher Faison ("Plaintiff"), and Defendants, Moutafis Motors Ltd. ("Moutafis Motors"), Moutafis Enterprises, LLC, ("Moutafis Enterprises") and Peter Moutafis (together the "Defendants"), seek approval of the terms of the parties' Amended Settlement and Release Agreement ("Amended Settlement Agreement"). The Amended Settlement Agreement resolves all of Plaintiff's claims asserted against Defendants including those claims under the Fair Labor Standards Act ("FLSA"), as well as claims under the New York Labor Law ("NYLL"), and for breach of contract.

In accordance with Your Honor's Order dated January 17, 2017, the parties have agreed to file the Amended Settlement Agreement without any redactions and to limit the release set forth in the Amended Settlement Agreement to a release of Plaintiff's potential wage and hour claims and to Plaintiff's additional claims alleged in this action. While each party has consented to the terms in the attached Amended Settlement Agreement, it has not yet been signed. To expedite the approval process, both parties have consented to the filing of the unsigned but finalized Amended Settlement Agreement with the Court, respectfully requesting the Court's review and approval. Upon Your Honor's approval, the parties have agreed to sign and re-file the fully executed unredacted Amended Settlement Agreement with the Court, along with a fully signed Stipulation of Dismissal respectfully requesting that the Court dismiss this case with prejudice.

I. BACKGROUND

Plaintiff commenced this action by filing his Complaint on December 16, 2015. In his Complaint, Plaintiff alleges that: (a) he was not compensated for overtime at a rate of time and one-half his regular rate of pay, as required by the FLSA and NYLL; (b) that his wages were unlawfully deducted in violation of the NYLL; (c) that he did not receive commissions in

Hon. Arlene R. Lindsay
February 13, 2017
Page 2

violation of the NYLL; (d) that his wages were not paid timely in violation of the NYLL; (e) that he did not receive a wage notice in violation of the NYLL; (f) that he was retaliated against in violation of the FLSA and NYLL; and (g) that Defendants allegedly breached their contract with Plaintiff by failing to pay commissions.

The Defendants vehemently deny Plaintiff's allegations. Significantly, Defendants claim that because Plaintiff was an exempt employee at Moutafis Motors and an independent contractor at Moutafis Enterprises, he was not entitled to receive any overtime compensation. Moutafis Motors and Moutafis Enterprises are two separate and distinct companies, both of which are owned by Peter Moutafis. Notwithstanding the common ownership, the natures of the businesses are wholly different. Moutafis Motors is a used car dealership, while Moutafis Enterprises performs auto repairs. Defendants claim that Plaintiff was at all times an exempt employee at Moutafis Motors because as a Service Manager, he was charged with hiring, supervising, and firing employees, and used his discretion in ordering inventory. According to Defendants, as an independent contractor at Moutafis Enterprises, Plaintiff scheduled his own appointments to service vehicles, did not have a fixed schedule, was free to work elsewhere, and was issued an IRS Form 1099.

Moreover, even if, assuming *arguendo*, Plaintiff was found to be jointly employed by Moutafis Motors and Moutafis Enterprises as a non-exempt employee, the Defendants also dispute the amount of hours worked by Plaintiff. According to Defendants, Plaintiff typically worked a maximum of 40 hours per week combined between Moutafis Motors and Moutafis Enterprises, with the exception of approximately once or twice per month when Plaintiff worked an additional 5 hours on a Saturday at Moutafis Motors and/or Moutafis Enterprises for a maximum combined total worked of 45 hours during these weeks. Defendants contend that these are the only weeks in which Plaintiff worked more than 40 hours combined at Moutafis Motors and Moutafis Enterprises. As a result, Defendants calculated that Plaintiff would be owed a maximum of $1,194.58 to $2,389.00 in unpaid overtime.

In addition, Defendants deny Plaintiff's allegations of retaliation, which were based on Plaintiff's contention that Defendants somehow prevented Plaintiff from being hired by a nearby Ford dealership. Instead, Defendants explained that no such collusion occurred. Rather, there is a long-standing mutual understanding between each of the competing dealerships in Riverhead that they never hire an employee from each other, in order to safeguard against poaching employees. Lastly, Defendants deny Plaintiff's allegations that he is owed any commissions, that his alleged contract relating to commissions was breached, that they failed to timely pay Plaintiff's wages, that they made any unlawful deductions, and that they failed to provide a wage notice.

The parties engaged in extensive discovery, including responding to interrogatories and document requests. The parties engaged in unsuccessful settlement negotiations for several months until ultimately deciding to hold a mediation with Ralph Berger, Esq., a well-respected employment law mediator. During this mediation, Mr. Berger made a mediator's proposal of $38,000.00 that was accepted by each party.

## II. THE AMENDED SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where, like here, it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, 2013 U.S. Dist. LEXIS 20543, 8 (S.D. Ala. 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litigation*, 2014 U.S. Dist. LEXIS 5864, 22 (S.D.N.Y. 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, Defendants have contested and continue to contest the amount of overtime compensation claimed by Plaintiff. In fact, Defendants presented arguments to dispute Plaintiff's allegation that he was jointly employed and misclassified as exempt. Thus it remains possible that Plaintiff might not have been entitled to any overtime compensation whatsoever. Moreover, Defendants continue to claim that Plaintiff has already been paid in full for all commissions and further deny each of Plaintiff's other allegations. However, to avoid continued litigation expenses, Defendants have agreed to pay Plaintiff greater than 15 times the maximum amount of overtime Defendants calculate to be owed. The $38,000.00 settlement amount was agreed to by Defendants because it includes consideration for each of Plaintiff's claims for relief set forth in Plaintiff's Complaint.

As a result, it is apparent that the Amended Settlement Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the parties. This is because the Amended Settlement Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; (4) is the product of arm's-length bargaining between experienced counsel (with the assistance of a well-respected neutral mediator who proposed the settlement amount to each party): and (5) was without any semblance of fraud or collusion, again as evidenced by the fact that the settlement was reached with the assistance of mediator Ralph Berger. *See Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Amended Settlement Agreement be approved in its entirety.

## III. PLAINTIFF'S ATTORNEY'S FEES ARE FAIR AND REASONABLE

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiff's counsel advised this office that it incurred over $40,000.00 in attorneys' fees. The vast majority of those fees were for work performed by Paul P. Rooney, Esq, an employment attorney with 22 years of experience, at a rate of $400.00 per hour. Mr. Rooney has represented employees and employers in dozens of wage-hour cases.

According to Mr. Rooney, the work included the filing of a default motion, legal analysis of overtime exemption arguments and related facts, joint employer/single employer analysis, and

Hon. Arlene R. Lindsay
February 13, 2017
Page 4

individual liability issues. There was voluminous written discovery and documentation requested and produced by both sides. The case also required preparation of detailed mediation statements and a mediation that resulted in the settlement here. Accordingly, it appears that the typical one-third contingency fee is well-supported in this case. If the court requires, Plaintiff's counsel has indicated that they can produce detailed billing records that were kept contemporaneously for the court's review.

As discussed herein, both Plaintiff and Defendants respectfully submit that the Amended Settlement Agreement is fair and reasonable, and therefore respectfully request that the Court approve the settlement and upon the subsequent filing of the fully signed Amended Settlement Agreement, dismiss this case with prejudice.

Thank you for your consideration of the foregoing.

                                  Respectfully yours,
                                  Kaufman Dolowich & Voluck, LLP

                                  Matthew Cohen, Esq.

cc: Paul Rooney, Esq.

4838-7216-0323, v. 1